UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM FLOODMAN,                    )
                                     )      2:09-cv-00635-GEB-DAD
                  Plaintiff,         )
                                     )      ORDER TO SHOW CAUSE
       v.                            )      AND CONTINUING STATUS
                                     )      (PRETRIAL SCHEDULING)
NATIONAL ENTERPRISE SYSTEMS,         )      CONFERENCE
                                     )
                  Defendant.         )
_____  )

       The March 9, 2009, Order Setting Status (Pretrial
Scheduling) Conference ("March 9 Order") scheduled a status conference
in this case for June 15, 2009, and required the parties to file a
joint status report no later than fourteen days prior to the status
conference.  The Order further required a status report be filed
regardless of whether a joint report could be procured.  No status
report was filed.

       Plaintiff is Ordered to Show Cause ("OSC") in a writing to
be filed on later than 4:00 p.m. on June 23, 2009, why sanctions
should not be imposed against him and/or his counsel under Rule 16(f)
of the Federal Rules of Civil Procedure for failure to file a timely
status report.  The written response shall also state whether
Plaintiff or his counsel is at fault, and whether a hearing is

1

requested on the OSC.[1]  If a hearing is requested, it will be held on

July 13, 2009, at 9:00 a.m., just prior to the status conference,

which is rescheduled to that date.  In accordance with the

requirements set forth in the March 9 Order, a status report shall be

filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated:  June 10, 2009

GARLAND E. BURRELL, JR.
United States District Judge

---

[1]  "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).